**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ELITE GAMING TECH LLC, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD and | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Elite Gaming Tech LLC ("EGT" or "Plaintiff") for its Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung Electronics America") (collectively, "Samsung" or "Defendants") for patent infringement as follows:

**THE PARTIES**

1.     EGT is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 102 East Crockett Street, Marshall, Texas 75670.

2.     Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea.  Upon information and belief, Samsung Electronics does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

3.      Samsung Electronics America is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Upon information and belief, Samsung Electronics America has corporate offices in the Eastern District of Texas at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung Electronics America has publicly indicated that, in early 2019, it would be centralizing multiple offices in a new location in the Eastern District of Texas at the Legacy Central office campus, located at 6225 Declaration Drive, Plano, Texas 75023.  Samsung Electronics America may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has specific and personal jurisdiction over each of the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.  Upon information and belief, each Defendant has sufficient minimum contacts with the forum because each Defendant transacts substantial business in the State of Texas and in this Judicial District.  Further, each Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and has a regular and established place of business in this Judicial District.  Each Defendant, through its own acts and/or through the acts of each other Defendant, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.  Further, upon information and belief, Defendants have admitted or not contested proper venue in this Judicial District in other patent infringement actions.

**PATENTS-IN-SUIT**

7.      On April 10, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,940,025 (the "'025 Patent") entitled "Digital Device Configuration and Method."    A   true   and   correct   copy   of   the   '025   Patent   is   available   at: http://pdfpiw.uspto.gov/.piw?Docid=09940025.

8.      On April 20, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,702,847 (the "'847 Patent") entitled "Digital Device Configuration and Method."    A   true   and   correct   copy   of   the   '847   Patent   is   available   at: http://pdfpiw.uspto.gov/.piw?Docid=07702847.

9.      On November 13, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,312,209 (the "'209 Patent") entitled "Digital Device Configuration and   Method."    A   true   and   correct   copy   of   the   '209   Patent   is   available   at: http://pdfpiw.uspto.gov/.piw?Docid=08312209.

10.     On January 14, 2014, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 8,631,196 (the "'196 Patent") entitled "Digital Device Configuration and Method."   A true and correct copy of the '196 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=08631196.

11.     On March 30, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,689,785 (the "'785 Patent") entitled "Digital Device Configuration and Method."   A true and correct copy of the '785 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=07689785.

12.     On March 16, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,679,604 (the "'604 Patent") entitled "Method and Apparatus for Controlling a Computer System."   A true and correct copy of the '604 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=07679604.

13.     On August 6, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,502,775 (the "'775 Patent") entitled "Method and Apparatus for Controlling a Computing System."   A true and correct copy of the '604 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=08502775.

14.     On January 7, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,505,088 (the "'088 Patent") entitled "Electronic Controller."   A true and correct copy of the '088 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=06505088.

15.     EGT is the sole and exclusive owner of all right, title, and interest in the '025 Patent, the '847 Patent, the '209 Patent, the '196 Patent, the '785 Patent, the '604 Patent, the '775 Patent, and the '088 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent

infringement lawsuit.  EGT also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

16.     EGT has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.  On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

17.     The Patents-in-Suit generally cover systems and methods for use in servers, motherboards, mobile devices, laptops, and desktop PCs.

18.     The '025 Patent generally relates to a digital storage element configured for access by a user responsive to a native control code.  The technology described in the '025 Patent was developed by Curtis H. Bruner, Lance R. Carlson, and Jeffrey E. Mast.  For example, the technology is implemented by infringing servers, laptops, tablets, phones, and PCs that monitor the user interaction and transfer selected data from digital data storage arrangements to solid-state memory.

19.     The '847 Patent generally relates to a digital storage element configured for access by a user responsive to a native control code.  The technology described in the '847 Patent was developed by Curtis H. Bruner, Lance R. Carlson, and Jeffrey E. Mast.  For example, the technology is implemented by infringing servers, laptops, PCs, phones, and tablets that contain a digital data storage arrangement with a user access arrangement configured to receive a user interaction, and a processing arrangement configured to interpret the user interaction in a way that defines a command to access a set of data in the digital data storage arrangement.

20.     The '209 Patent generally relates to a digital storage element configured for access by a user responsive to a native control code.  The technology described in the '209 Patent was

developed by Curtis H. Bruner, Lance R. Carlson, and Jeffrey E. Mast.  For example, the technology is implemented by infringing servers, laptops, PCs, phones, and tablets that contain a digital data storage arrangement with host processor and user interface configured to cause the data storage arrangement to perform a first portion of the data transfer operation before the command has been completed and at least one other user action of the command has been performed.

21.     The '196 Patent generally relates to a digital storage element configured for access by a user responsive to a native control code.  The technology described in the '196 Patent was developed by Curtis H. Bruner, Lance R. Carlson, and Jeffrey E. Mast.  For example, the technology is implemented by infringing servers, laptops, PCs, phones, and tablets that contain a digital data storage arrangement which performs portions of data transfer operation in response to two or more actions.

22.     The '785 Patent generally relates to systems and methods for transferring data between storage components in a device.  The technology described in the '785 Patent was developed by Curtis H. Bruner, John F. Fletcher, and Frida E.R. Fletcher.  For example, the technology is implemented by infringing servers, laptops, and PCs that contain an electromechanical data storage arrangement, at least a portion of which is within a handheld enclosure, configured to transfer data based on user interaction.

23.     Third-parties Western Digital ("WD") and Hitachi Global Storage Technologies ("HGST") supply Hard Disk Drives ("HDDs") that implement the infringing technologies.  These Hard Disk Drives include WD Blue, Black, Red, Purple, and Gold drives, as well as HGST Ultrastar, Travelstar, Deskstar, Endurastar, and Cinemastar drives.  Samsung makes, uses, sells, and/or imports computers, such as desktops, laptops, tablets, and servers that include one or more

WD and/or HGST HDDs.  For example, upon information and belief, these infringing computers include the Samsung computers that include one or more WD and/or HGST HDDs, such as the HGST Travelstar 5k1500.

24.     The '604 and '775 Patents relate to computer devices having modified one or more of the operating states or displayed content.  The technology described in the '604 and '775 Patents was developed by John T. Orchard and Christopher R. Uhlik.  For example, the technology is implemented by infringing laptops and PCs that contain motion detection sensors and a motion control agent which modify one or more of the operating states of the computing device based on input from motion detectors.

25.     The '088 Patent generally relates to an electronic controller, having a rotational position detector, a tilt/shake sensor, and optional press controllers.  The technology described in the '088 Patent was developed by David Simkin, Aaron Simkin, Andrew J. Schneider and John Bayer of Mental Models, Inc.  For example, the technology is implemented utilizing a computerized system that senses shaking of a controller, transmitting the shake signal, and instructing the program to perform actions thereto.

26.     Samsung has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products including, but not limited to, server and computer components including, but not limited to, DRAM, such as HBM2 Aquabolt, RDIMM, LRDIMM, UDIMM, SODIMM, ECC UDIMM, ECC SODIMM, storage devices, such as PM1733, PM1735, PM1725b, PM1643, PM1643a, PM9A3, PM883, SM883, PM882, SSDs, SZ985 Z-SSD Series SSDs, desktop and laptop computers including, but not limited, to the Samsung Galaxy Book, Notebook 5, and Galaxy Chromebook laptop series computers, as well as Samsung tablets including, but not limited

to, the Samsung Galaxy Tab S7 and S7+, and Samsung phones including, but not limited to, the Samsung Galaxy S Series, Samsung Galaxy Z Series, Samsung Galaxy Note Series, Samsung Galaxy A Series and Samsung Galaxy 5G Series phones that infringe the Patents-in-Suit.

**COUNT I**
**(Infringement of the '025 Patent)**

27.    Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

28.    EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '025 Patent.

29.    Defendants have and continue to directly infringe the '025 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '025 Patent.  Such products include computer devices, such as laptops, desktops, servers, server components, and tablets that utilize a digital data storage arrangement, a solid-state memory (SSD), a user interface, and a processor.   On information and belief, such Samsung products include at least the server, server components, laptop, phones and tablets, and desktop systems that include one or more WD and/or HGST HDD, SSD, solid-state hybrid drive (SSHD), or any other type of solid-state memory including, but not limited to, flash memory, RAM memory, and 3D XPoint memory.

30.    For example, Defendants have and continue to directly infringe at least claim 1 of the '025 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include a digital data storage arrangement, solid-state memory, a user interface, and a processor, such as Samsung Notebook 5:

8

31.     The Samsung Notebook 5 includes a solid-state memory, such as a SSD, flash, RAM, or 3d XPoint memory.   The Samsung Notebook 5 includes a digital data storage arrangement configured to store data, wherein the digital data storage arrangement is susceptible to data corruption or unavailability from mechanical shock, such as data stored on an HDD or SSD.  The Samsung Notebook 5 includes a user interface configured to receive user interaction with the user interface.  The Samsung Notebook 5 includes a processor configured to monitor the user interaction to define a particular use of a selected data stored on the digital data storage arrangement, such as SoC's located on the HDD, SSDs, and throughout the digital storage arrangement.  The processor is further configured to transfer the selected data from the digital data storage arrangement to the solid-state memory based on the monitoring, such that the selected data is subsequently available in the solid-state memory without the need to access the digital storage arrangement, wherein the transfer of the selected data begins prior to the termination of the user interaction.

32.     Defendants have and continue to indirectly infringe one or more claims of the '025

---

[1] https://www.samsung.com/us/computing/windows-laptops/notebook-series-5/np500r5l-m03us-np500r5l-m03us/

Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as laptops, desktops, servers, server components, phones and tablets that utilize digital data storage arrangement, solid-state memory, a user interface, and a processor.

33.     Defendants, with knowledge that these products, or the use thereof, infringe the '025 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '025 Patent by providing these products to end-users for use in an infringing manner.

34.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '025 Patent, but while remaining willfully blind to the infringement.

35.     EGT has suffered damages as a result of Defendants' direct and indirect infringement of the '025 Patent in an amount to be proved at trial.

36.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '025 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

<u>**COUNT II**</u>
**(Infringement of the '847 Patent)**

37.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

38.     EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '847 Patent.

39.     Defendants have and continue to directly infringe the '847 Patent, either literally or

under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '847 Patent.  Such products include computer devices, such as laptops, desktops, servers, server components, and tablets, that utilize a digital data storage arrangement, a user access arrangement, and a processing arrangement.   On information and belief, such Samsung products include at least the laptop and desktop systems that include one or more WD and/or HGST HDDs, an SSD, solid-state hybrid drive (SSHD), or any other type of solid-state memory including, but not limited to, flash memory, RAM memory, and 3D XPoint memory.

40.     For example, Defendants have and continue to directly infringe at least claim 1 of the '847 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include a digital data storage arrangement, a user access arrangement, and a processing arrangement, such as Samsung Notebook 5.  The Samsung Notebook 5 includes a digital data storage arrangement configured to hold data, the digital data storage arrangement is more susceptible to damage from mechanical shock while the digital data storage arrangement is in an unsafe state than while in the safe state, the digital data storage arrangement is capable of accessing the data in the unsafe state and not capable of accessing the data in the safe state.  For example, an HDD, such as the HGST Travelstar, alternates between a read state and a write state. The Samsung Notebook 5 further includes a user access arrangement configured to receive a user interaction; and a processing arrangement configured to interpret the user interaction in a way that identifies a set of data in the digital data storage arrangement and defines a command to access the set of data.  Further, upon information and belief, the processing arrangement is further configured to begin to execute the command by directing the digital data storage arrangement to begin to

access the set of data prior to an end of the user interaction, the processing arrangement further configured to terminate, if the user interaction ends before the digital data storage arrangement completes accessing the set of data, execution of the command by directing the digital data storage arrangement to enter the safe state before the digital data storage arrangement completes accessing the set of data.

41.     Defendants have and continue to indirectly infringe one or more claims of the '847 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as laptops, desktops, servers, and server components,that utilize digital data storage arrangement, a user access arrangement and a processing arrangement.

42.     Defendants, with knowledge that these products, or the use thereof, infringe the '847 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '847 Patent by providing these products to end-users for use in an infringing manner.

43.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '847 Patent, but while remaining willfully blind to the infringement.

44.     EGT has suffered damages as a result of Defendants' direct and indirect infringement of the '847 Patent in an amount to be proved at trial.

45.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '847 Patent, for which there is no adequate remedy at law, unless

Defendants' infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '209 Patent)

46.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

47.     EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '209 Patent.

48.     Defendants have and continue to directly infringe the '209 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '209 Patent.  Such products include computer devices, such as laptops, desktops, servers, server components, phones, and tablets, that utilize a data storage arrangement, a host processor, and a user interface.  On information and belief, such Samsung products include at least the server, server components, laptop, desktop systems, phones, and tablets that include one or more WD and/or HGST HDDs, an SSD, solid-state hybrid drive (SSHD), or any other type of solid-state memory including, but not limited to, flash memory, RAM memory, and 3D XPoint memory.

49.     For example, Defendants have and continue to directly infringe at least claim 1 of the '209 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include a data storage arrangement, a host processor, and a user interface, such as Samsung Notebook 5.  The Samsung Notebook 5 includes a data storage arrangement, such as an HDD, SSD, or SSHD, or any other type of solid-state memory including, but not limited to, flash memory, RAM memory, and 3D XPoint memory.  The Samsung Notebook 5 also includes a host processor configured to exchange data with the data storage arrangement, such as an SoC.  The Samsung Notebook 5 also includes a user interface, the user interface configured to receive a first

user command to perform a data transfer operation, the first user command specifying one or more files and an action to be taken with respect to the one or more files, the first user command being, irrespective of status of the host processor and the data storage arrangement, comprised of a set of two or more user actions, wherein the set has one or more user actions that specifies files, and one or more other distinct user actions that specifies the action to be taken. Further, upon information and belief, the host processor is configured to cause the data storage arrangement to perform a first portion of the data transfer operation before the command has been completed and at least one other user action of the command has been performed.

50.     Defendants have and continue to indirectly infringe one or more claims of the '209 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as laptops, desktops, servers, server components, phones, and tablets that utilize data storage arrangement, a host processor and a user interface.

51.     Defendants, with knowledge that these products, or the use thereof, infringe the '209 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '209 Patent by providing these products to end-users for use in an infringing manner.

52.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '209 Patent, but while remaining willfully blind to the infringement.

53.     EGT has suffered damages as a result of Defendants' direct and indirect

14

infringement of the '209 Patent in an amount to be proved at trial.

54.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '209 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '196 Patent)

55.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

56.     EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '196 Patent.

57.     Defendants have and continue to directly infringe the '196 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '196 Patent.  Such products include computer devices, such as laptops, desktops, servers, server components, and tablets, that contain a computer-readable medium which receives a command and performs identity and directive actions irrespective of the state of the host device.  On information and belief, such Samsung products include at least the server, server components, laptop, desktop systems, phones, and tablets that include one or more WD and/or HGST HDDs, an SSD, solid-state hybrid drive (SSHD), or any other type of solid-state memory including, but not limited to, flash memory, RAM memory, and 3D XPoint memory.

58.     For example, Defendants have and continue to directly infringe at least claim 1 of the '196 Patent by making, using, offering to sell, selling, and/or importing into the United States products that contain a computer-readable medium which receives a command and performs identity and directive actions, irrespective of the state of the device, such as Samsung Notebook 5.

The Samsung Notebook 5 contains a computer-readable medium storing instructions that, when executed by a computing system, causes the computing system to perform operations comprising receiving a command, the command related to one or more sets of data and a job to be performed with respect to the one or more of the sets of data.  The command is irrespective of a state of the host device, comprising two or more actions, wherein the two or more actions comprise one or more identity actions that identify the one or more sets of data, and one or more directive actions, distinct from the identity actions, that specify the job to be performed.  Upon information and belief, the data storage arrangement to perform a first portion of a data transfer operation related to one or more identified sets of data, the first portion of the data transfer operation performed before the command has been completed and after at least one identity action of the command has been performed.

59.     Defendants have and continue to indirectly infringe one or more claims of the '196 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as laptops, desktops, servers, server components, phones, and tablets that contain a computer-readable medium which receives a command and performs identity and directive actions, irrespective of the state of the host device.

60.     Defendants, with knowledge that these products, or the use thereof, infringes the '196 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '196 Patent by providing these products to end-users for use in an infringing manner.

61.     Defendants have induced infringement by others, including end-users, with the

intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '196 Patent, but while remaining willfully blind to the infringement.

62.     EGT has suffered damages as a result of Defendants' direct and indirect infringement of the '196 Patent in an amount to be proved at trial.

63.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '196 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT V
### (Infringement of the '785 Patent)

64.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

65.     EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '785 Patent.

66.     Defendants have and continue to directly infringe the '785 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '785 Patent.  Such products include computer devices, such as laptops, desktops, servers, and server components, that include an electronic memory, an electromechanical data storage arrangement, a user interface, and a controller.  On information and belief, such Samsung products include at least the server, server components, laptop, and desktop systems that include one or more WD and/or HGST HDDs.

67.     For example, Defendants have and continue to directly infringe at least claim 1 of the '785 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include electronic memory, an electromechanical data storage arrangement, a user

interface, and a controller such as the Samsung Notebook 5.  The Samsung Notebook 5 includes an electronic memory, such as HDDs, an SSD, solid state hybrid drive (SSHD), or any other type of solid-state memory including, but not limited to, flash memory, RAM memory, and 3D XPoint memory.  The Samsung Notebook 5 also includes an electromechanical data storage arrangement, such as an HDD, and an enclosure at least partially containing the electronic memory and the electromechanical data storage arrangement, the enclosure of a size to be held in a user's hand. The Samsung Notebook 5 also includes a user interface configured to receive user inputs in the form of a user contact with the user interface and, upon information and belief, a controller configured to transfer first data from the electromechanical data storage arrangement to the electronic memory in response to the user contact, wherein the transfer of the first data begins before the user contact end and to enable transfer of the first data only so long as the user contact with the user interface is occurring.

68.     Defendants have and continue to indirectly infringe one or more claims of the '785 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as laptops, desktops, servers, server components, that include an electronic memory, an electromechanical data storage arrangement, a user interface, and a controller.

69.     Defendants, with knowledge that these products, or the use thereof, infringe the '785 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '785 Patent by providing these products to end-users for use in an infringing manner.

70.     Defendants have induced infringement by others, including end-users, with the

intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '785 Patent, but while remaining willfully blind to the infringement.

71.     EGT has suffered damages as a result of Defendants' direct and indirect infringement of the '785 Patent in an amount to be proved at trial.

72.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '785 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT VI
### (Infringement of the '604 Patent)

73.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

74.     EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '604 Patent.

75.     Defendants have and continue to directly infringe the '604 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '604 Patent.  On information and belief, such Samsung products include at least the Samsung laptops, tablets, and phones that contains a motion sensor to detect motion in one or more of six fields:

| SENSORS | |
|---|---|
| Accelerometer | Yes |
| Compass | Yes |
| Fingerprint sensor | Yes |
| Gyro sensor | Yes |
| Hall sensor | Yes |
| Light Sensor | Yes |

76.     For example, Defendants have and continue to directly infringe at least claim 1 of the '604 Patent by making, using, offering to sell, selling, and/or importing into the United States products that contain a motion sensor to detect motion in one or more of six fields.

77.     On information and belief, the accused Samsung laptops, tablets, and phones, such as the Samsung S7 Tab, perform a method for controlling a computer device, comprising sensing an initial motion of said computer device in an initial direction wherein the motion meets or exceeds an initial motion threshold, sensing a complimentary motion of said computer device in a reverse direction to the initial direction, wherein the complementary motion meets or exceeds a complementary motion threshold, and generating at least one control signal configured to modify an operating state of the device or contention being displayed by the device wherein, upon information and belief, sensing the initial motion and sensing the complementary motion occur before generating the control signal and wherein the initial or complementary motions comprise motion in one or more of at least six fields of motion including lateral x, y, or z motion or rotational x, y, or z motion.

78.     Defendants have and continue to indirectly infringe one or more claims of the '604 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using,

---

[2] https://www.sammobile.com/samsung/galaxy-tab-s7/specs/

offering to sell, selling, and/or importing into the United States products that include infringing technology, such as a motion sensor to detect motion in one or more of six fields.

79.     Defendants, with knowledge that these products, or the use thereof, infringe the '604 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '604 Patent by providing these products to end-users for use in an infringing manner.

80.     Defendants induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '604 Patent, but while remaining willfully blind to the infringement.

81.     EGT has suffered damages as a result of Defendants' direct and indirect infringement of the '604 Patent in an amount to be proved at trial.

82.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '604 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT VII
### (Infringement of the '775 Patent)

83.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

84.     EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '775 Patent.

85.     Defendants have and continue to directly infringe the '775 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '775 Patent.  On information and belief, such

Samsung products include at least the Samsung laptops, tablets, and phones that contains a motion sensor to detect motion in one or more of six fields.

86.     For example, Defendants have and continue to directly infringe at least claim 1 of the '775 Patent by making, using, offering to sell, selling, and/or importing into the United States products that contain a motion sensor to detect motion in one or more of six fields.

87.     On information and belief, the accused Samsung laptops, tablets, and phones, such as the Samsung S7 Tab, perform a method sensing a combination of motion of a device by a motion detection device.  The S7 Tab generates, in response to combination motion, a first control signal substantially related to the combination motion to modify content being displayed by the device. The S7 Tab receives input related to a position of a pointer on a display screen from a pointing device and generates, in response to the received input, a second control signal.  The S7 Tab controls the display screen in response to the first control signal or the second control signal.  The combination motion includes an initial motion in an initial direction sequentially followed by a complementary motion in a complementary direction.  The initial motion or the complementary motion comprise motion in at least one of at least six fields of motion, including lateral motion about x, y, or z plans or rotational motion about x, y, or z axes.  Sensing the combination motion further comprises sensing that the initial motion exceeds an initial motion threshold and sensing that the complementary motion exceeds a complementary motion threshold.  Upon information and belief, sensing the complementary motion further comprises sensing the complementary motion in a reverse direction to the initial direction.

88.     Defendants have and continue to indirectly infringe one or more claims of the '775 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using,

offering to sell, selling and/or importing into the United States products that include infringing technology, such as a motion sensor to detect motion in one or more of six fields.

89.     Defendants, with knowledge that these products, or the use thereof, infringe the '775 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '775 Patent by providing these products to end-users for use in an infringing manner.

90.     Defendants induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '775 Patent, but while remaining willfully blind to the infringement.

91.     EGT has suffered damages as a result of Defendants' direct and indirect infringement of the '775 Patent in an amount to be proved at trial.

92.     EGT has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '775 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT VIII
### (Infringement of the '088 Patent)

93.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

94.     EGT has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '088 Patent.

95.     Defendants have directly infringed the '088 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '088 Patent.  On information and belief, such Samsung

23

products include at least the Samsung tablets and phones that utilize a computerized system that senses shaking of a controller, transmitting the shake signal, and instructing the program to perform actions thereto:



96.     For example, Defendants have [LR1]directly infringed at least claim 14 of the '088 Patent by making, using, offering to sell, selling, and/or importing into the United States products that utilize a computerized system that senses shaking of a controller, transmitting the shake signal, and instruction the program to perform actions.

On information and belief, the accused Samsung laptops, tablets, and phones, such as the Samsung Galaxy S7, perform a method for a user to selectively control a program running in a computerized system, the method comprising sensing shaking of a controller and producing a shake signal responsive thereto when the user shakes said controller.  The Samsung Galaxy S7 transmits the shake signal to the computerized system as a data signal from said controller and receives the data signal from the controller and instructs the program to perform actions responsive thereto.

97.     Defendants have infringed one or more claims of the '088 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that utilize a computerized system that senses shaking

---

[3] https://www.samsung.com/my/support/mobile-devices/android-smart-phone-motion-control-shake-to-update/

of a controller, transmitting the shake signal, and instructing the program to perform actions thereto.

98.     Defendants induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '088 Patent, but while remaining willfully blind to the infringement.

99.     EGT has suffered damages as a result of Defendants' direct and indirect infringement of the '088 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EGT prays for relief against Defendants as follows:

a.      Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c.      An order awarding damages sufficient to compensate EGT for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding EGT its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.      Such other and further relief as the Court deems just and proper.

Dated:  August 27, 2021

Respectfully submitted,

/s/ Vincent J. Rubino, III
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
**RUBINO LAW LLC**
830 Morris Turnpike
Short Hills, New Jersey 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

**ATTORNEYS FOR PLAINTIFF,
 ELITE GAMING TECH LLC**